NC201050 and NC201051, Inri Koshkalda, Artem Koshkalda appearing pro se, Jack Pretzelis appearing for Chapter 7 Trustee Appley, and Henry S. David appearing for Seiko Epson Corporation and Epson America Inc. Appley. Thank you. All right, Mr. Koshkalda, would you like to reserve any time for rebuttal? Yes. Yeah, I will. I am familiar with the process. I will. I think it's going to be almost everything. Twelve minutes. I'm sorry, how much? Five minutes? Twelve minutes. All right. Go ahead. That twelve minutes was, you have read numerous of my briefs for the appeals and you have read even more briefs in the appeals of the advocacy proceeding initiated by Epson against me. Your Honors, do you have any questions to me? Is there anything that was not clear or that makes you be hesitated or you wonder what was my purpose of filing? I think everything was pretty much clear. I have, oh, let me, I got it. So my arguments were based on, they can be divided in two categories. The first one is about the fees that trustee was requesting. And I truly believe to know what they, even though there was a dismissal decisions against me that, and those are the very same arguments that I was using in those motions, my objections. I was objecting saying that if you will factor in administrative costs later on, then this administration does not make sense. Only trustee, trustee is going to benefit from that. It seemed to me that trustee abandoned all of the assets of my estate to her self and her and her professionals in the form of administrative costs. But isn't that largely due to the litigation that you raised? Which executive litigation are you talking about? All the matters that resulted in the vexatious, vexatious determination, you know, and reviewing the docket. I mean, it's, it's numerous. There's a lot of things going on. Absolutely. Yeah. And do you want to specifically say I can articulate every single motion I wrote? In general, I can tell you before any single motion, I was doing the meet and confer. I was providing the case law in the meet and confer letters. And Epson was diligent in responding and saying their position, which, which could have or did eliminate some of the matters that I could bring or did bring. But in the trustee side, the trustee didn't even bother to respond to my meet and confer. By not responding, I have no really, no really understanding whether they agree or not. So I was bringing the motion and motion was denied. And regardless whether I agree or not, or if people do not, that's the way I see the process should go. I'm sure how, how is it, is it vexatious that I am persecuting? In reality, what I can see. So here, here's the question. It's clear that you have the right to contest whatever you'd like, and she rules. It's the point when you seek reconsideration and relitigation of the same issue several different times after you've been denied that it becomes a question of whether that's vexatious or not. Whether you're doing it for harassing purposes or whether you're doing it because you're going to continue to bother the court and the, and the, and the trustee and counsel. That's the question. That's what I think the allegation is that we're confronted with here. Yeah. I think without you specifying that, I think what you referred to is my motion to disqualify trustee, then my motion to disqualify Fox Rothschild, then my motion to, to avoid the order of employment. Uh, the, it, it's attacking the same, the same spot from different sides. I'm not going to be denying that. I know the issue, the fact, the problem is that I'm not a lawyer and the reason I was doing those motions with the same arguments in order to eliminate the fact that it could have been, it should have been done as differently. Again, I have no experience, no education as a lawyer. I mean, they have a lot of experience now, but I am, I am, I mean, it's not a surprise that they are superior to me as to the knowledge and, and, and experience. So my, my point was maybe that's, that's the reason. And I found that the case law, again, it wasn't without the case law, I found the case law, which is in the Hummer distinct from inner Harbor transportation, which was cited by judge Blumenstiel by the district court in her Hummer, which is unpublished. Yes. It's not necessary to follow as far as I know, but it says that under no circumstances, the bankruptcy court has the authority to hire and not disinterested in council. And it's my understanding that, that here, all of these issues, they're around the same problem. So in order for me to make sure that I'm going to be, to make sure that I'm going to cover the whole universe of possible arguments, which probably, or let's say it most certainly an experienced lawyer would bring in one motion. I filed with how many three yes, then reconsiderations. I might've been also off with reconsideration, but I think that I, I, it was my understanding and actually it's still, I'm not sure that I agree with those arguments. I think before addressing those issues on the appeal, I should bring to the lower court. And once I bring to the lower court that she would either add or change something or we'll just affirm the way it is, the way it was doing. I don't, I think that the time, let's not remove the negative thing. I think your time is more valuable than, than other courts. And I think the motion for consideration should be less extreme than appeal. I might be wrong on this, but it seems to me that it makes sense that the judge either would correct or would add something to you that would probably prevent the appeal. And I think what the main argument on those reconsiderations was that it has to be either something new and if it's wrong, then go appeal. I was thinking differently. If it's wrong, go to the judge, try to explain why, and then proceed with the appeal. But that's, that's how I see. And I'm not sure how, how can it be vexatious for me to, to, to, to do that? How many are there? Five or seven reconsiderations? I think I, it's a reply, they wouldn't be able to correct. So I was, I truly believe in the merits still right now. And as far as I know, that correct argument cannot be, be vexatious, harassing or anything of that sort. And because I'm going to be appealing, as you saw my efforts to appeal before, we will know whether it's correct or not. And keep in mind, even if they are not correct, it's still, if there is a distance to the And one, one case that they have, is there anything you want to add? Let me just interrupt you for one second. And that is, there are two different orders. There's an order in the adversary, there's an order in the administrative case. The adversary proceeding, my understanding is, is resolved. It's, it's maybe on appeal, but there aren't any further actions being taken in the adversary proceeding. Is that? You are not absolutely correct. Actually, you are correct, but it's not a full story. It was resolved even before they asked to enter that order. That order is absolutely not necessary. It was closed way before, not absolutely closed, but there was no action in those, there was a final order entered. So did you file a motion, a motion to compel in that adversary? After it was closed? There was not a motion to compel. There was a situation when Epson produced documents after discovery cut line. And I was, because I was appealing that I wanted, I raised an issue to not to allow those evidence to be, to be entered in. That motion, actually, that motion was filed before the final judgment, but the decision was after. And I think, and I think Epson would agree with me, but I'm not, I don't want to speak from Epson. It should have been mooted. If it would have been mooted, again, let me repeat one more time. I'm not sure if I'm clear enough. When I was served with a discovery after the discovery cutoff, I filed a motion. Before that there was a decision on that motion, there was a final judgment. After the final judgment in the adversary proceeding, judge, judge denied my motion. And my point was, it wasn't supposed to be denied. It was supposed to be mooted. It doesn't matter because if I prevail on appeal and this motion is denied, I absolutely have to appeal this, this denial also. So I filed a motion to reconsideration and motion to reconsideration said it is mooted. And now when it is mooted, then my argument, if in case, if I prevail on appeal against the summary judgment, would be to file another motion for consideration because it's not mooted anymore by the judgment. So I think the judge should have mooted instead of denying it. And I filed a motion for consideration and she mooted, I believe, it's my memory. She mooted it, the reconsideration. And that's how it should have been in the first place. And I apologize if it wasn't understood this way. I hope this answers your question. Yeah. Do you have any more? I'll explain every single motion that I filed, every single them. Let me summarize. Okay. I have time, right? You have a little bit less than six minutes. Yeah, I see that. So just to summarize the pre-filing order and in the addressee proceeding by absent, it does not make sense, doesn't matter regardless of how you see it. Not only it was brought in the main bankers in a different case. In addition to that, it was also brought after, you know what? I think I'll stop. I think you read this mail. Five minutes is also time. So I'm going to say that. Thank you. And that's all we have. All right. So the rest of your time will be reserved. Appellees, he will speak first. And how much time will you use? This is Jack Pretzeles for the trustee. I believe I will take 10 minutes and Mr. David will take five, if that's acceptable, Mr. David. It is. Right. Go ahead. Good morning again, Your Honor. May it please the court. Jack Pretzeles for the chapter seven trustee, Elin Shenmendia-Appley. In Judge Blumensteel's 58 page order, the bankruptcy court carefully followed the procedure set forth in the Molsky case for imposition of a pre-filing order. Mr. Kishkalda received an opportunity to be heard before the order was entered. The order compiled an adequate record for this court to review. In compiling that extensive record, the bankruptcy court made substantive findings concerning a number of Mr. Kishkalda's filings and the court issued a tailored pre-filing order. I don't intend to provide a detailed discussion of those items. The bankruptcy court explained her reasoning and her analysis much more thoroughly than I can do. I did want to address the request for a BAP level order to protect this estate from further expense. This panel has seen the volume of appeals filed by Mr. Kishkalda between the filing of the Appley brief and today. This panel has dismissed most of them as interlocutory. I think that it's not a baseless assumption that when the trustee closes this case, Mr. Kishkalda will appeal virtually every non-final order that was issued in the bankruptcy case. And there's nothing that I can do to protect this panel or any other panel from wading through those appeals. However, this panel can protect the estate from the expense of responding to the appeals by imposing the framework that is suggested in the Appley brief at page 25. Namely, that's essentially issuing an order suspending the deadline to designate a record or file an Appley brief pending the BAP's review of Mr. Kishkalda's appellant's brief and record to determine if Appley briefing is required. I will say that this panel at this point can see that the bankruptcy court thoroughly explains her reasoning in writing such that Appley briefing may not be required for any or all of Mr. Kishkalda's forthcoming appeals. Well, you can always decide just not to file a brief, right? That is true. Or appear for oral argument. That's true, Your Honor. Although, you know, I will say that, you know, this profession, we are cautious. And, you know, that's a risk that, you know, is not something that, you know, we necessarily want to do. All right. So we have a pre-filing order presently, an order, a pre-screening order before he files anything, right? That's correct. You can't file anything at the bankruptcy court now without court permission. And now you want an additional order on top of that where if something is filed, the judge has already screened it. Well, so I guess what I'm, my assumption is that there is that the bankruptcy court is going to permit Mr. Kishkalda to appeal from the interlocutory appeals that become final appealable orders. And those appeals are going to bubble up to this court or a different panel. And I'm not asking to prevent Mr. Kishkalda from having his, you know, his arguments heard. I'm just asking that before the trustee or the estate spends, you know, spends the resources in responding to them that this court decide whether they believe it's necessary. And I would just note that it does not impose a burden on Mr. Kishkalda whatsoever. And, you know, instead, it actually seeks to conserve the estate, which, you know, is something that Mr. Kishkalda has expressed, you know, a desire to do to pay off his creditors. And I realize this is, you know, a highly unusual request. But I, you know, I do believe that the circumstances before this court, you know, warrant this relief. So unless the court has any questions about the substance of the pre-filing order issued by Judge Blumensteel, I would cede the rest of my time. Let me ask you. The Bankruptcy Court found frivolousness and harassment on the majority of these matters, correct? I believe that's correct, Your Honor. All right. Mr. Kishkalda is arguing, you know, and stating in an argument that overwhelming majorities arise out of the dispute with SACO and then takes a turn towards the employment of Fox Rothschild. What is exactly the frivolousness of these underlying matters? Was it frivolous to oppose the settlement with SACO Epson? I don't believe there was a — are you talking about the relief from stay? Yeah, the stipulation. I'm not sure that that was an issue that the Bankruptcy Court identified as being frivolous. All right, then let's jump to the big one, then. The motion to disqualify Fox as counsel. Was that frivolous? Within the meaning of vexatious litigation? Well, I think that the Bankruptcy Court's analysis here was essentially that Mr. Kishkalda has repeatedly raised, rejected — No, no, let's start. Let's keep with the original, because she does rely upon ECF 687, the disqualification order, as part of the vexatious litigation formulation. And that seems to be at the core of it. But was it frivolous? And if so, why? The 687 is the motion to disqualify the firm. Why was it frivolous? It's frivolous because there was no basis to disqualify the firm. Really? I mean, so the issue of a one-line statement of existing representation in this matter does not merit further inquiry or examination. So the issue, I think, that was out there was that Mr. Kishkalda had done nothing about it for over two years. Great. And again, I hate to push you on this one, but I am, because this seems to be the crux of the vexatious litigant decision. It took two years. It may be wrong. You may have waived it, and that is all for the merits of decision, which is not before the court. Question is, why is that frivolous? So the judge's analysis points out that the basis for the argument for disqualification was based on conduct that was approved by the bankruptcy court. Was there actually a decision? Because I thought it was unopposed, and therefore there really wasn't any decision. So if you're talking about the employment order, that's correct. No party opposed the employment order. What I was referring to was the basis for his motion to disqualify, the factual basis that the court concluded that it was done with court approval or done by parties other than the firm or that served his interest. As I think we've discussed, one of the things he identified was this relief from stay stipulation. Mr. David pointed out that the stipulation that the trustee and Epson entered into would have been more beneficial to Mr. Cushcalda than the order. That's all the merits. That's all the merits, and that's not what we're looking for at this motion specifically. It was so vexatious and harassing to challenge a one-line disclosure in the affidavit, the also harassing, including the challenge of the compensation related to it, the challenge for the removal of the trustee, the second application. All those matters then follow that because Fox was appropriately employed. So doesn't this require a little more examination? Well, I mean, my read of the decision there was that it's in the context of the entire argument. When looked at in the context of all of the filings that Mr. Cushcalda has made in this case, when looking at them— There's not that many of those. What do you mean? It's a fairly low number for a vexatious determination, especially when some of these are in response to matters raised and are therefore generating out of objections, objections to the claims, objections to the settlements, all of these. This is not a person going around and filing lawsuits in different forms, different states, like Bertrand Tangwell or some of the others that this court has dealt with. This is contained and seems to be largely related to one item, which is all matters relating from Seiko Epson. Well, I think that it is not simply Seiko Epson that's part of this record. You know, there's— Right. That the following one is a compromise with a secured creditor. But why is an opposition like that the basis for a vexatious determination? I mean, all right, so a pro se didn't have the best reasoning and wasn't a valid basis for, you know, denial of the compromise. But again, I'm trying to understand, why is that so bad that it requires a bar order on the bankruptcy? Well, I think that in terms of the opposition, what you can see from reviewing the docket in this case is that Mr. Kishkalda has, you know, opposed all of the administration of this case, you know, from the beginning. But that's litigiousness. There's a difference between litigiousness and vexatiousness. Oh, okay. I wonder if some of these orders are evidence litigiousness. And I did also, you know, to the extent relevant, I wanted to point out, you know, that, you know, initiating a contested matter, you know, should not be treated as distinct from initiating a lawsuit, you know, in terms of evaluating whether or not the pre-filing order was appropriate. But if most of them go back to the issue with Fox and therefore, say, Glebson, I mean, isn't it really roots from a single source? And isn't Mr. I mean, why isn't Mr. Kishkalda correct that to preserve his rights on appeal as we continue to deny some of them as interlocutory, he needs to make that record? I mean, he, under the pre-filing order, he has the ability to request permission to file papers in the case. That doesn't explain why that pre-filing order is correct, why it was so frivolous or so harassing to merit a bar order. I mean, I don't think it's accurate to say that everything that Judge Blumensteel identified, you know, the genesis is his theory of, you know, lack of disinterestedness or the disqualification. That's fair. I agree with that. I've interrupted you enough and I'm impeding Mr. David's time. So let me shut up and let you get back to it. Right. Mr. David, go ahead, please. Thank you very much. I think something that may have gotten lost, I should introduce myself, this is a new argument. Henry David on behalf of SACO Epson Corporation and Epson America appellees, may it please the court. Something that I think we've gotten a little lost in is this was not the first request for a pre-filing order and for a finding that Mr. Kishkalda was a vexatious litigant. The trustee had previously requested that and Judge Blumensteel denied it. I think that, well, not I think, it is clear from the pre-filing order that this was the result of an accumulation of things. Any one motion may have been frivolous or meritless, but not sufficient. It was when it got to, I believe Judge Blumensteel identified 44 motions in which his filing, she concluded her filings were for the purpose of harassing and or were frivolous. So I think it was the result of an accumulation of his conduct and her viewing of his conduct as a whole once she had more evidence. Early on, she may have had her suspicions about his motives, but she was not prepared to go there, and in my view, appropriately so. Do you think that the order that was issued in the adversary proceeding is final? Do you think the order that was issued in the administrative case is final or are they different for any reason? No, I believe they are both final for purposes of appellate jurisdiction. For different reasons. I think in the adversary, it's post-judgment order, so I think necessarily it's final. In the bankruptcy court, I'm not sure how you would call it post-judgment, but it adjudicates his right, his right to file whatever he wants with no judicial preview. So I haven't researched that issue, but my gut is that even in the bankruptcy case itself, it's final. To be honest, I had not thought about that issue in that context. Can you give us the status of the bankruptcy proceeding in terms of has there been a final accounting filed with the bankruptcy court? At what stage are we close to being completed with the administrative case, or does it still have a ways to go? Oh, I would defer to the Trustees Council on that, but I can say for sure there's no final report. There have been no objections to claims. I don't know if there are any other assets to be administered. Again, I would have to defer to Mr. Porcellis on that. I think we are far from a final report, and as Mr. Porcellis has said, and to be honest, I think Mr. Koshkald has said, once that's done, we'll be back here. If I may, Your Honor, we are not in a position to close the estate. We are waiting for the appeals to resolve, including the appeal in the non-dischargeability action. At once, everything has, once the appeals are over at that point, I believe the Trustee's intention is to close it up and then, I suppose, make the trip back up here. Mr. David, do you have anything else you want to add? We're a couple of minutes over. I apologize for that. Yes, just Mr. Koshkald, I believe, was confused with respect to the discovery motions that he filed post-judgment. He was confusing his motion to strike our supplemental production of documents that was, in fact, before the discovery cutoff, not after, with his motion to compel supplemental responses. It was post-judgment. In addition, he is in error. The judge, Judge Bloomsteel, in fact, denied the post-judgment motion as moot because it was a motion about pre-judgment discovery after the judgment had been entered, and so she denied it as moot. Judge, can I ask one more question? Go ahead, Mr. Judge Braker. Thank you. To either Mr. David or Mr. Prezelis, what is the most analogous best case for, you know, your side where there is a similar situation involving a debtor-defendant as opposed to plaintiff? Your Honor, I have not found a case with a debtor-defendant, but we did cite, and I didn't find a federal case, but we did cite the very recent California appellate decision in which a defendant made exactly that argument, you can only do vexatious litigant orders against plaintiffs, and the court said, no, no, no, no, you know, defendant does not have free reign to be vexatious. And affirmed a vexatious litigant order against a defendant. And what was that case? Oh, I'll go back to you. My apologies, my brief is downstairs. It is the only California case that we cited in our state case, and it's from 2019, as I recall. We'll be able to find it from the table, if nothing else. My apologies. No problem. Thank you. All right. Mr. Cascada, your rebuttal. Yeah, thank you very much. Yeah, I read that case that they are talking about that we cannot cite right now. You can hear me well, right? Yes. Yeah. That case, as a matter of fact, indeed, that case found a vexatious litigant on the defendant, but still, that defendant was wishing death to the judges in the open room. And that defendant also filed numerous other complaints, several new complaints. So this case that Mr. Henry David is talking about, it's limited only to the fact that defendants can be found vexatious. That's not the dispute. The dispute is whether you can, I mean, the question here, I believe, is whether you can find a similar case where there were no any of such accusations, nothing, no threats, nothing from me, even close to that, nothing but respect I had to this. But that's the point to that case that Mr. Henry David proposes that defendants can also be litigants. Coming back to our issue about the vexatiousness, I think that the problem that the judge had with me, let me ask you a different question. I really appreciate, Mr. Spraker, your question about the disqualification. Let's assume that I am correct in that argument. And the whole vexatious order is absolutely nonsense. It's baseless. And because all of other things, they are meaningless to this dispute. And let me reiterate the facts over here is that we know nothing beyond just the existence of the connection between Fox Rothschild LLP and Epson. Not a thing beyond that. And the way I read the statute and case law, that's not the way it was supposed to be. And I think they have to be, they have candidly to reveal as much information as possible, regardless of how irrelevant or, yeah, it might be. It should have been. So not only here in our case, not only it was provided in a very limited amount, but also, let me jump to a different argument as to, I believe that in the previous case, and here Jack Pretzeles jumps to the argument that two years I haven't been using this argument, and in two years, somehow it's vexatious harassing or something of that sort. I think that Mr. Pretzeles is misunderstanding that employment of a non-disciplinary counsel is prohibited. And the time does not cure that. Of course, the time can impact my right to raise that argument if it is going to be found that I'm using that, I was intentionally using that time to damage the firm. But other than that, the timing is, it's like, if I can jump to a criminal one, killing is not allowed, even if you're not found a court or anything of that sort. There are certain things that are prohibited by law and the time should not cure. One of these, I'm trying to make a point that this is one of those things that dismissals, they should be mandatory, automatic when there is an actual dismissal. I truly believe in that argument, which we will see. Next, in the third appeals, next as to the final report. Interestingly, the last asset of my estate has been liquidated. I would say, I would say here in two months ago, 14 months ago, and still we don't see a final decision. I am right now as a prosecutor litigant, I'm thinking they should have appealed all those dismissals because those appeals would have lost another half a year to show more evidence that right now at this very moment, trustee is in her holding her hands, that my right to appeal those decisions. Which I truly believe would have resolution of those matters would have helped us not to sit here with these orders. And I mean, I don't mean, Mr. Kishkalda, are you, are you arguing that by, by raising the issue that the orders weren't final and having them remanded from the back to the bankruptcy court, that that was an improper act that the trustee was engaged in because we should, if they hadn't opposed it, then we would have allowed an appeal to proceed. Even if we didn't think it was a final order. Oh, could you, could you ask one more time? I just want to. Yeah, I was trying to understand, were you suggesting that trustee improper was, was opposing your appeals? Oh, suggesting that they were, they were premature, suggesting that they were not final orders so that they were being sent back to the bank. Absolutely not. That wasn't my point. Thank you very much for asking that to give me the chance to clarify that. My point was that right now we don't know the resolution of those main issues with Fox Churchill being employed. And without that resolution, all of the further right now, it's unnecessary. So, and I, I'm trying to find the way, can you allow me an extra minute? Go ahead. Just finish up your thought. Yeah. What I'm trying to say is that unfortunately right now trustee holds in her hands the time when she can file a final report. And as we can see, it's not going to be filed for another year or two. It seems to me, I'm very, very certain in my arguments. I'm going to prevail on that. But the problem for me right now is that the trustee holds the time when I can bring those actions. And here is the question brings me to another possible. I can be accused in vexatious that I should have appealed this orders of dismissal, not because they are wrong, because by those orders, you let the trustee be in charge of this vehicle and to procrastinate filing final appeal for another year, two or 10. And I'll have to be again, to be more aggressive in order to force somehow to force that. I don't know. I don't have experience, but that's another subject for me to further. I'm what I'm trying. The final point is that some actions or non actions at one moment, they create others. And I believe, as the case law says, that unnecessary litigation to prevent. I truly believe that my appeals were supposed to be. They were not final, as I understood. I'm not disagreeing with that. But I think that that should have considered more, more about granting and allowing them to be to be treated as final under flexible doctrine. I'm not going to take the time. Thank you very much. I'm over time. Thank you. All right. Thank you very much. This matter will stand submitted. And that's the last matter on our calendar. So I think that we are adjourned. Thank you. Thank you. Thank you, Your Honor. Thank you all for appearing.
judges: Brand, Spraker, Gan